# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
Civil Action No: 3:05-CV-108-H

| | |
|---|---|
| **RICHARD A. RINALDI,**<br><br>        **Plaintiff,**<br><br>v.<br><br>**CCX, INC., BARRY SILVERSTEIN, and DENNIS MCGILLICUDDY,**<br><br>        **Defendants.** | **CONSENT PROTECTIVE ORDER** |

THIS CAUSE came on before the undersigned United States Magistrate Court Judge upon the request of Plaintiff Richard A. Rinaldi ("Rinaldi") and Defendants CCX, Inc., Barry Silverstein, and Dennis McGillicuddy (collectively, the "Defendants") that the Court enter this Consent Protective Order. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and with the consent of the parties, the Court hereby approves and enters the following Consent Protective Order (this "Order"):

    1. Where documents or other information is produced or provided by parties to this Order and where a party believes in good faith that such documents or other information is confidential, then such party may designate all or any part of such documents or other information as "Confidential" if such documents or other information (i) is not publicly available and (ii) relates to a party's financial or commercial interests, or other sensitive or proprietary information, the disclosure of which, in the opinion of the producing party, is likely to be prejudicial to the interests of any party. All documents and other information designated Confidential are referred to herein as "Confidential Materials."

2. The parties shall make the designation of Confidential in the following manner:

(a) Documents, answers to interrogatories, or responses to requests for admissions to be designated as Confidential shall be marked or labeled with the legend "CONFIDENTIAL" conspicuously stamped or written upon the materials.

(b) A party's attorney may designate portions of any deposition as Confidential by making a statement upon the record or by sending a letter to opposing counsel within thirty (30) days after receipt of the deposition transcript. All depositions shall be treated as if designated Confidential until the 30-day designation period expires. Any portions of the transcript designated as Confidential shall thereafter be treated as Confidential Materials in accordance with this Order.

(c) If any party requests Confidential treatment of a transcript on the record, the court reporter shall be instructed to bind separately any testimony designated Confidential and to mark or label the face of the transcript containing the designated testimony with the legend "CONFIDENTIAL."

(d) Each copy of a deposition exhibit that is designated Confidential shall be marked or labeled with the legend "CONFIDENTIAL."

3. The designation of any documents or other information as Confidential also will render Confidential any copies, excerpts, summaries, or other disclosure of the substance or contents of such Confidential Materials. The failure of any person to designate any material as Confidential shall not be construed as an admission that such material does not constitute sensitive, commercial, financial, or proprietary business information; rather, the only effect of failing to designate such materials as Confidential is that the materials will not receive the protection of this Order until such time that the materials are designated as such.

4. All Confidential Materials shall be used solely for the purposes of conducting this litigation and for no other purpose. Unless and until this Court rules otherwise, access to and use of documents or other information designated Confidential shall be restricted solely to the following persons:

    (a) The attorneys for the parties in this action and their legal, paralegal, and clerical assistants;

    (b) The in-house counsel of any party;

    (c) The court, court personnel, and reporters as required in the course of a deposition or court proceeding;

    (d) Any person called or to be called as a witness at a deposition or the trial in this action (but only in the course of the witness' testimony, such documents or other information not to be retained by the witness);

    (e) Any experts or consultants retained by the parties or their legal counsel, together with such experts' or consultants' clerical assistants;

    (f) Any party or officer, director, employee, or partner of a party, to whom disclosure (in the judgment of litigation counsel) is needed to assist litigation counsel in the preparation for and/or trial of this action; and

    (g) Any other person as to whom the parties agree in writing.

5. No party or entity or individual within any party's control shall disclose the existence of any Confidential Materials to any person except as provided in Paragraph 4 of this Order. In addition, whenever Confidential Materials are to be discussed or disclosed at a deposition, the party asserting the confidentiality of such materials may require the exclusion from the room of any person who is not entitled to review such documents or other information under this Order.

6. Before any Confidential Materials are disclosed to any person under subsections (d), (e), (f), and (g) of Paragraph 4 of this Order, each such person shall be given this Order and shall execute an undertaking in the form attached hereto as Exhibit A (the "Confidentiality

3

Agreement"), stating that he/she has read and understands this Order and agrees to be bound thereby. Confidentiality Agreements shall be retained by counsel for the party disclosing the Confidential Materials to each such person. Any party or nonparty may be shown its own Confidential Materials without execution of a Confidentiality Agreement. Confidential Materials may be disclosed to the persons listed in subsections (d), (e), (f), or (g) of Paragraph 4 of this Order only to the extent reasonably necessary to enable the person to assist in the prosecution or defense of the litigation.

7. At the conclusion of all proceedings in this litigation, including, but not limited to, final adjudication of any appeals or petitions for rehearing or for extraordinary writs, all Confidential Materials and all copies thereof shall be returned to counsel of the party that produced such Confidential Materials. Alternatively, all Confidential Materials in the possession of the receiving party, absent the express written consent of counsel of the designating party, shall be destroyed within sixty (60) days after the conclusion of all proceedings in this litigation, and counsel shall certify that they have complied with the requirements of this paragraph. Such certification shall be submitted directly to counsel of the designating party.

8. In the event any Confidential Materials are used in any proceeding herein, such Confidential Materials shall not lose their designated status through such use, and the parties shall take all steps reasonably required to protect such confidential information against misuse. Neither the taking of any action in accordance with the provisions of this Order nor the failure to object thereto shall be construed as a waiver of any claim or defense in this action. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery on any ground other than confidentiality and, except as

expressly herein provided respecting designations, shall not relieve any party of the obligation to produce information in the course of discovery.

9. Nothing in this Order shall prevent any party from challenging the designation of any documents or other information as Confidential. If any party objects to the designation of any document or other information as Confidential, such party shall provide to the designating party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute on an informal basis. If the dispute cannot be resolved, the party challenging the designation may apply to the Court by motion, upon no less than ten days notice after failing to reach agreement with opposing counsel, for a ruling that the document shall not be treated as designated by the producing party. The burden of proof shall be with the party asserting the confidentiality of the document. Until the Court rules upon such motion, the subject document shall be afforded the confidential treatment provided for in this Order.

10. A party's right to use any Confidential Materials at the trial of this case or at any other evidentiary hearings shall be as agreed by the parties or as directed by the Court. Whenever a party files any Confidential Materials, such filing party shall file such material under seal. Envelopes used to seal such Confidential Materials shall carry the following notation: "Confidential—Subject to Protective Order." Envelopes so marked shall be delivered sealed to the Clerk of the Court. The person filing any such documents shall inform the Clerk that all such Confidential Materials are subject to this Order and are to be kept under seal, except that upon the default of this filing party to so inform the Clerk, any party may do so.

11. Any document produced or exchanged in the course of this litigation, as to which a claim of attorney-client privilege or work product immunity is asserted, will be deemed to have been produced or exchanged inadvertently and will be immediately returned upon request to the

producing party, without any copies being made or retained by the receiving party. Any such document will be regarded as not having been produced, and its inadvertent production will not be cited as grounds for any claim of waiver of attorney-client privilege or work product immunity.

12. Nothing in this Order shall prevent a party from applying to the Court for further provisions regarding the confidentiality of specific material or from otherwise seeking relief from the terms of this Order, provided, however, that prior to such application the parties shall make an effort to resolve the matter.

13. This Order shall survive any settlement, judgment, or other disposition or conclusion of this action and all appeals therefrom, and this Court shall retain continuing jurisdiction to enforce the terms of this Order.

14. Nothing in this Order shall prevent a party who has designated documents or other information as Confidential from agreeing to release any such Confidential Materials from the requirements of this Order.

15. This Order may be signed by the parties in counterparts.

16. This Order may be modified or amended by the Parties, subject to approval of the Court, only by an agreed motion that shall be filed and made a part of the record in this case.

This the 20th day of October 2005.

_____
United States Magistrate Court Judge

WE CONSENT:

_____
Kenneth Lautenschlager
ATTORNEY FOR PLAINTIFF

_____
John R. Wester
ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:05-CV-108-H

| | |
|---|---|
| RICHARD A. RINALDI,<br><br>Plaintiff,<br><br>v.<br><br>CCX, INC., BARRY SILVERSTEIN, and DENNIS MCGILLICUDDY,<br><br>Defendants. | EXHIBIT A<br>CONFIDENTIALITY AGREEMENT |

## CERTIFICATION

I hereby certify and acknowledge that I have read the Consent Protective Order (the "Order") in the action entitled *Rinaldi v. CCX Inc., et al.*, case no. 3:05-CV-108-H, that I understand the terms thereof, and that I agree to be bound by those terms. I understand that I may be subject to contempt for violating the Order and that I am subject to the jurisdiction of the Court in which this action is pending for the purpose of proceedings to enforce the Order.

_____
Signature

_____
(Print Name)

_____
Date