**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cv-108-RJC**

| | |
|---|---|
| **RICHARD RINALDI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **CCX, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court following a bench trial on the merits of Plaintiff's claim for benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 502(a)(1)(B). On February 18, 2009, the Court issued an Order finding that Plaintiff Richard Rinaldi ("Rinaldi") is entitled to his severance benefits under his Employment Agreement with Defendant CCX, Inc. ("CCX"). (Doc. No. 73). Further, the Court found that Rinaldi is entitled to pre-judgment interest at the rate prescribed at 28 U.S.C. § 1961 and ordered the parties to submit their calculations of the amount of interest. Both parties timely submitted their pre-judgment interest calculations, and the matter is ripe for review.

I. STANDARD OF REVIEW

"ERISA does not specifically provide for pre-judgment interest, and absent a statutory mandate the award of pre-judgment interest is discretionary with the trial court." Quesinberry v. Life Ins. Co. of N. America, 987 F.2d 1017, 1030 (4th Cir. 1993). A district court may exercise its discretion to award pre-judgment interest in order to compensate the plaintiff "for the loss of the use of his funds." Id. at 1030-31. After deciding to award pre-judgment interest, the district court also has discretion to determine the appropriate rate. Id. at 1031.

II. ANALYSIS

The Court ordered CCX to pay Rinaldi $720,000.00 in salary plus $160,000 in benefits, for a total of $880,000.00. The Court also awarded Rinaldi prejudgment interest on this amount at the rate prescribed in 28 U.S.C. § 1961.

Under § 1961, "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(b). Additionally, "interest shall be compounded annually." Id.

Prejudgment interest in this case shall be calculated from the date that Rinaldi was terminated, October 6, 2004. The weekly average for the 1-year constant maturity Treasury yield for the calendar week proceeding October 6, 2004 was 2.20%.[1]

Courts in the Fourth Circuit have used two different approaches when applying § 1961 to determine pre-judgment interest. One approach is to use the treasury rate for the week prior to entitlement for the entire term. See Edmonds v. Hughes Aircraft Co., 1998 WL 782016, *3 (E.D. Va. 1998) (unpublished) (finding it equitable to apply the higher interest rate from the original date of deprivation); Devine v. Am. Benefit Corp., 27 F. Supp. 2d 669, 676 n.8 (S.D. W.Va. 1998) (finding that the Trust will be made whole only if it receives pre-judgment interest at the treasury rate from the date of deprivation). Another approach to calculating pre-judgment interest is to apply the 52-week average rate, compounding yearly, and then reinvesting at the next year's 52-week average rate. FDIC v. British-Am. Corp., 755 F. Supp. 1314, 1328 (E.D.N.C. 1991); see also Nelson v. EG

---

[1] See Federal Reserve Statistical Release, Selected Interest Rates, www.federalreserve.gov/releases/h15/20041004/.

& G Energy Measurements Group, 37 F.3d 1384 (9th Cir. 1994) (affirming the district court's calculation of pre-judgment interest based on the 52-week average rate because "this reasonably reflects the conservative investment income the plaintiffs would have been able to have earned had they received the funds on September 30, 1987").

Rinaldi proposes a slightly different approach from the 52-week average interest rate. Rinaldi suggests calculating the average one-year constant maturity Treasury yield for the 229 weeks constituting the entire pre-judgment period, compounded annually as required by § 1961. Under this approach, the interest rate for Rinaldi would equal 3.55%. Rinaldi explains that although the 229-week average rate yields slightly less interest for him than the alternative 52-week average, he is willing to forfeit this small amount for the simplification in interest calculation.[2]

Both parties note in their briefs that the 1-year constant maturity Treasury yield during the 229-week pre-judgment period fluctuated. The yield for the week before October 6, 2004 equaled 2.20%. The yield exceeded 5.0% in June of 2006.[3] Because of the fluctuation of rates over the 229 weeks, the Court applies the average one-year constant maturity Treasury yield for the 229 weeks constituting the entire pre-judgment period, compounded annually. The Court finds that this interest rate will adequately compensate Rinaldi for the loss of use of his money during this time.

Therefore, the pre-judgment interest rate for the salary and benefits is 3.55% per annum,

---

[2] For ease of computation, Rinaldi suggests dividing the $160,000 benefits equally into 24 monthly payments to calculate the interest. However, in actuality, CCX would have front-loaded a significant amount of the benefit payments. Rinaldi's proposed calculation of interest on his benefits would not prejudice CCX because it reduces the amount of pre-judgment interest.

[3] See Federal Reserve Statistical Release, Selected Interest Rates, http://www.federalreserve.gov/Releases/H15/20060626/

3

compounded annually. Accordingly, Rinaldi is awarded $140,221.25 in prejudgment interest through February 25, 2009 plus $99.23 per day until the date of this Order.

Signed: May 12, 2009

Robert J. Conrad, Jr.
Chief United States District Judge